**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of MEI Rigging & Crating, LLC doing business as A&A Transfer, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-02037 (RDA/WBP) |
| HEAVY HAUL EXPRESS LLC, et al., | ) | |
| Defendants. | ) | |

## REPORT & RECOMMENDATIONS

Plaintiff Travelers Property Casualty Company of America ("Plaintiff" or "Travelers") has moved for default judgment under Federal Rule of Civil Procedure Rule 55(b) against ReliableTransport, LLC ("ReliableTransport"). Under 28 U.S.C. § 636(b)(1)(C), I recommend that the district judge grant Plaintiff's Motion for Default Judgment ("Motion").

### I. Procedural Background

On November 14, 2025, Plaintiff filed a Complaint against Defendants Frontier Heavy Haul & Support, Inc. ("Frontier"), Reliable Transport LLC ("Reliable"), AMEX Transport, Inc. ("AMEX"), and HD Shipping Solutions, LLC ("HD Shipping") alleging that three generators delivered from Batavia, Ohio to Sterling, Virginia were damaged in transit. (ECF No. 1 ¶¶ 1–6.) Plaintiff amended its complaint on December 11, 2025, replacing Frontier with Heavy Haul Express LLC ("Heavy Haul") and Reliable with ReliableTransport. (ECF No. 13 ¶¶ 2–3.) On January 13, 2026, the Clerk issued summonses as to HD Shipping, Heavy Haul, ReliableTransport, and AMEX, and Plaintiff served the Complaint and summonses on AMEX

and Heavy Haul on January 20, 2026, and on ReliableTransport on January 28, 2026. (ECF Nos. 26–29.) HD Shipping executed a Waiver of the Service of Summons (ECF No. 21) and subsequently filed a Motion to Dismiss (ECF No. 35).

Plaintiff moved the Clerk for entry of default as to AMEX and Heavy Haul on February 17, 2026 (ECF Nos. 30–31), and as to ReliableTransport on March 5, 2026 (ECF No. 39). The Court denied these requests for default because Plaintiff had not properly served AMEX, Heavy Haul, or ReliableTransport. (ECF Nos. 32–33, 41.) The Court granted Plaintiff's request for an extension of time to serve AMEX, Heavy Haul, and ReliableTransport (ECF Nos. 42–43), and on March 19, 2026, Plaintiff served them (ECF Nos. 48–50).

Under Federal Rule of Civil Procedure 12(a), AMEX's, Heavy Haul's, and ReliableTransport's answers or responsive pleadings were due by April 9, 2026, but they all failed to meet the deadline. On April 16, 2026, Plaintiff asked the Clerk to enter defaults against them (ECF Nos. 52–54), which the Clerk entered on April 22, 2026 (ECF No. 55).

On May 7, 2026, Plaintiff requested default judgments against AMEX, Heavy Haul, and ReliableTransport. (ECF No. 56.) Shortly thereafter, AMEX and Heavy Haul asked the Court to set aside the defaults entered against them (ECF Nos. 59, 64, 79), which the Court granted (ECF Nos. 71, 83). On June 24, 2026, at Plaintiff's request, the district judge entered stipulations of dismissal as to AMEX, Heavy Haul, and HD Shipping. (ECF Nos. 84–85).

This Report & Recommendations addresses only Plaintiff's request for a default judgment against ReliableTransport.

## II. Factual Background

The following facts are drawn from the Amended Complaint (ECF No. 13), the Motion (ECF No. 56), and the Memorandum in Support of Default Judgment (ECF No. 57).

Travelers, a Connecticut corporation licensed as an insurer, provided insurance coverage to MEI Rigging & Crating, LLC d/b/a A&A Transfer ("A&A Transfer") against cargo loss. (ECF No. 13 ¶ 1.) ReliableTransport, a limited liability company organized and operating under Ohio law with its principal place of business in Dayton, Ohio, provides interstate transportation services. (*Id.* ¶ 3.)

Freeman Enclosures retained A&A Transfer to haul and store eight Cummins generator assemblies to be used in a server and distribution warehouse in Virginia. (*Id.* ¶¶ 10-11.) A&A Transfer hired HD Shipping, a broker specializing in heavy haul interstate transportation, to facilitate transportation of these generators from Batavia, Ohio to Sterling, Virginia. (*Id*. ¶ 13.) HD Shipping then hired individual interstate motor carriers to transport the eight generators, including Heavy Haul, AMEX, and ReliableTransport. (*Id.* ¶¶ 12–14, 18.) When the generators arrived in Virginia, Freeman Enclosures rejected three of them because the fuel tanks at the bottom of these three generators had been damaged in transit. (*Id.* ¶ 18.) A subsequent investigation revealed that Heavy Haul, AMEX, and ReliableTransport failed to extend their outriggers while the generators were in transit, resulting in inadequate support for the cargo and causing damage to the generators' fuel tanks. (*Id*. ¶ 19; ECF No. 57-4 at 1–2.)

The three damaged generators were returned to Ohio, and A&A Transfer paid Freeman Enclosures $133,532.25 per generator to repair the three generators, which amounted to the cost to install a new fuel tank on each of the damaged generators. (*Id.* ¶ 20.) Travelers reimbursed A&A Transfer for part of the cost of repair (*id.* ¶ 21), and A&A Transfer subrogated its right to recover to Travelers (*id.* ¶ 22).

## III. Proposed Findings of Fact and Recommendations

### A. Jurisdiction and Venue

The Court must establish subject-matter jurisdiction and personal jurisdiction over ReliableTransport before entering a default judgment. Federal law grants district courts original jurisdiction over civil actions "against a delivering carrier." 49 U.S.C. § 14706(d). Under the Carmack Amendment to the Interstate Commerce Act, a "carrier" is a "person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). Here, the Amended Complaint alleges that A&A Transfer contracted with HD Shipping, who in turn paid ReliableTransport to deliver a generator from Ohio to Virginia. (ECF No. 13 ¶¶ 10, 11, 13–14; ECF No. 57 at 1–2.) This Court therefore has subject-matter jurisdiction pursuant to 49 U.S.C. § 14706(d).

The Court also has personal jurisdiction over ReliableTransport. Personal jurisdiction exists where the state's long-arm statute authorizes and where the exercise of jurisdiction comports with due process requirements. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). The Due Process Clause requires that a nonresident defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Virginia's long-arm statute "extends the jurisdiction of its courts as far as federal due process permits." *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). Virginia's long-arm statute confers personal jurisdiction over a nonresident defendant who (1) transacts business in the Commonwealth, (2) contracts to supply services or things in the Commonwealth, or (3) causes a tortious injury in the Commonwealth. Va. Code Ann. § 8.01-328.1(A)(1)–(3). A nonresident defendant's contacts satisfy due process requirements when "the defendant purposefully availed itself of the privilege of conducting activities in the forum state," the

"plaintiff's claims [arose out of those activities]," and "the exercise of personal jurisdiction is constitutionally reasonable." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 559 (4th Cir. 2014).

Here, ReliableTransport formed a contract to deliver property in Virginia, and it used Virginia's roadways to deliver that property to Sterling, Virginia. (ECF No. 57 at 5.) Plaintiff's claims also arise out of the damage discovered in Virginia when ReliableTransport delivered the generator. (*Id.*) Personal jurisdiction over ReliableTransport is constitutionally reasonable.

Venue is also proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Virginia. (ECF No. 13 ¶¶ 6, 9.)

**B. Service of Process**

Before entering a default judgment, a court must determine that the defaulting party was properly served. Federal Rule of Civil Procedure 4 permits a plaintiff to serve an entity by following state law where the district court sits or where service is effectuated. *See* Fed. R. Civ. P. 4(e)(1). Ohio law permits service on a limited liability company by delivering a copy of the process to its agent, if a natural person, or by delivering a copy of it at the address of its agent in Ohio, as the address appears upon the record in the office of the secretary of state, or by sending copies to the secretary of state for substitute service. Ohio Rev. Code Ann. § 1706.09(H)(1). On March 19, 2026, Plaintiff's private process server delivered the Amended Complaint and summons to ReliableTransport's registered agent, Luiza Akhmedova, in Dayton, Ohio. (ECF No. 50 at 2.) Plaintiff therefore properly served ReliableTransport.

**C. Grounds for Entry of Default**

Rule 55(a) of the Federal Rules of Civil Procedure directs the clerk to enter default when, upon a party's request, "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Once served with the Amended Complaint, ReliableTransport was required to respond by April 9, 2026. It failed to do so, and the Clerk entered a default on April 22, 2026. (ECF No. 55.) Accordingly, the Clerk properly entered a default against ReliableTransport.

**D. Liability Under the Carmack Amendment to the Interstate Commerce Act**

Because the Clerk entered default against ReliableTransport, the Amended Complaint's factual allegations are deemed admitted, and the Court must determine whether they state a claim. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). Default does not, however, establish the amount of damages. *See* Fed. R. Civ. P. 55(b)(2) (allowing the court to determine damages, take evidence on any allegation, or investigate any other matter necessary to enter or carry out judgment).

A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Travelers asks the Court to enter a judgment in its favor and against ReliableTransport in the amount of $158,532.25, plus pre-judgment and post-judgment interest, costs, and any other relief the Court deems just and proper. (ECF No. 13 at 6; ECF No. 57 at 7.)

Travelers alleges that ReliableTransport committed violations of the Carmack Amendment to the Interstate Commerce Act (ECF No. 13 ¶¶ 28–32), which "creates a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading," *5K Logistics, Inc. v. Daily Express, Inc.*, 659 F.3d 331, 335 (4th Cir. 2011). A "motor carrier" is defined as a "person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). The Carmack Amendment confers liability "without regard to the motor carrier's negligence." *Rush Indus., Inc. v. MWP Contractors, L.L.C.*, No. 1:08-cv-810, 2012 WL 6010059, at *7 (M.D.N.C. Nov. 30, 2012). But a plaintiff's recovery depends on its ability to establish a *prima facie* case under the Carmack Amendment's burden-shifting framework. *Id.* (citing *Am. Nat. Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 926 (7th Cir. 2003)).

To state a *prima facie* case under the Carmack Amendment, a plaintiff must prove by a preponderance of the evidence (1) that the goods were delivered to the carrier in good condition, (2) that the goods arrived at their destination in a damaged condition, and (3) the amount of damage. *Mo. Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964); *Fuente Cigar, Ltd. v. Roadway*, 961 F.2d 1558, 1560 (11th Cir. 1992). If the plaintiff establishes a *prima facie* case, the burden shifts to the carrier to show that it was not negligent and that the damage to the goods was caused by (1) an act of God; (2) the public enemy; (3) the act of the shipper itself; or (4) the inherent vice or nature of the goods. *Rush Indus.*, 2012 WL 6010059, at *7 (citing *Mo. Pac. R. Co.*, 377 U.S. at 138).

Here, Travelers has alleged that HD Shipping hired ReliableTransport to transport a generator across state lines on A&A Transfer's behalf, that Freeman Enclosures delivered the generator to ReliableTransport in good condition, and that it arrived at its destination

substantially damaged. (ECF No. 13 ¶¶ 11, 14, 30–31.) Travelers supports its allegations with a report from Loss Solutions Group ("Loss Solutions"), which concludes that the "outriggers were not used and the fuel tanks for the units buckled under the weight and had severe damage." (ECF No. 57-4 at 1.) The photographs incorporated in the report show the buckling and other damage located on the front and side of the tanks. (*Id*. at 6–9.)

Travelers has thus satisfied its burden under the Carmack Amendment and, by failing to respond to the Amended Complaint, ReliableTransport has failed to carry its burden to demonstrate that it was not negligent or that the damage was caused by an excluded event. Travelers has therefore established ReliableTransport's liability under the 49 U.S.C. § 14706.

I therefore recommend that the district court find that ReliableTransport violated the Carmack Amendment to the Interstate Commerce Act.

**E. Relief**

Unlike liability, allegations concerning damages are not admitted upon default. *See* Fed. R. Civ. P. 8(b)(6). Instead, the court must independently determine damages and may consider affidavits or other documentary evidence in the record. *Wilcox v. Transmodal Sols., LLC*, 473 F. Supp. 3d 574, 584 (E.D. Va. 2020) (quoting *PharMerica E. v. Healthlink of Va. Shores*, No. 2:19-cv-00456 (RBS), 2020 WL 877983, at *3 (E.D. Va. Feb. 20, 2020)).

**1. Damages**

Under the Carmack Amendment, "[t]he liability imposed . . . is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States. . . ." 49 U.S.C. § 14706(a)(1).

Travelers asks the Court to award it $158,532.25 in actual damages for the $133,532.25 it paid A&A Transfer for the generator repairs (ECF No. 57, Exs. 1–3) and the $25,000.00 deductible A&A Transfer incurred. (ECF No. 13 ¶ 32; ECF No. 56 at 3; ECF No. 57 at 6–7.) As A&A Transfer's subrogee, Travelers seeks full reimbursement of all damages. (ECF No. 57 at 1.)

According to the Loss Solutions report, the generator underwent a pressure test to evaluate the extent of the damage and failed, requiring full replacement. (ECF No. 57-4 at 2.) Loss Solutions performed a cost analysis including crane and rigging costs; freight charges for the replacement tanks; labor; and A&A Transfer's overhead costs. (ECF No. 57-4 at 3.) The documents attached to Travelers' memorandum in support of the Motion sufficiently establish the damages incurred to repair the generator transported by ReliableTransport. (*See* ECF No. 57, Exs. 4–5.) Accordingly, I recommend that the district court find that Travelers is entitled to damages of $158,532.25.

**2. Costs**

Travelers asks for "costs" in the Amended Complaint but abandons that request in the Motion by failing to raise it as an element of damages. (*Compare* ECF No. 13 at 6, *with* ECF No. 56 at 3.) *See Limewr Fyre OU v. Fyrefestival.com*, No. 1:25-cv-1629-MSN-WEF, 2026 WL 904778, at *9 n.11 (E.D. Va. Mar. 11, 2026); *Zeng v. Do*e, No. 1:22-cv-00028-RDA-IDD, 2022 WL 77668118, at *1 n.1 (E.D. Va. Aug. 30, 2022). I therefore do not recommend that the district judge award Travelers its costs incurred in this action.

**3. Interest**

Travelers also requests pre- and post-judgment interest. Courts possess broad discretion to award interest in federal question cases. *Oscar Mayer Foods Corp. v. Pruitt*, 867 F. Supp. 322,

328 (D. Md. 1994) (citing *Poleto v. Consol. Rail Corp.*, 826 F.2d 1270, 1279 n.16 (3d Cir. 1987)). If the purpose of the substantive statue is to compensate a victim, then interest is appropriate. *Id.* (citing *Golden State Transit Corp. v. City of L.A.*, 773 F. Supp. 204, 216 (C.D. Cal. 1991)). "[A]n award of pre-judgment interest as part of the 'full actual loss' is proper under . . . the Carmack Amendment" to "place the parties in the position they would have been in had they been paid immediately." *Co-Operative Shippers, Inc. v. Atchison, Topeka and Santa Fe Ry. Co.*, 624 F. Supp. 797, 800 (N.D. Ill. 1985); *Fresh Pasta Co. v. Magnum Transp. Serv., LLC*, No. 1:23-CV-301, 2024 WL 2721888, at *3 (M.D.N.C. Apr. 4, 2024). But prejudgment interest may be denied if the plaintiff unreasonably delayed the judgment date or where it would otherwise be inequitable. *E.g.*, *Michaels v. Michaels*, 767 F.2d 1185, 1204 (7th Cir. 1985); *see AIG Eur., S.A. v. Locust Point Terminal Corp.*, 134 F.3d 362, at *3 (4th Cir. 1998) (unpublished table decision) (citing *U.S. Fire Ins. Co. v. Allied Towing Corp.*, 966 F.2d 820, 828 (4th Cir. 1992)).

When awarding interest in cases involving Interstate Commerce, courts apply 28 U.S.C. § 1961. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 314 F. Supp. 2d 201 (S.D.N.Y. 2003); *Rush Indus.*, 2012 WL 6010059, at *15; *Fresh Pasta Co.*, 2024 WL 2721888, at *3; *S. Pac. Transp. Co. v. San Antonio, Tex. By and Through City Pub. Serv. Bd.*, 748 F.2d 266, 275 (5th Cir. 1984); *Oscar Mayer*, 867 F. Supp. at 328. Under 28 U.S.C. § 1961, the interest rate is the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of judgment. Prejudgment interest here accrues from the date of loss, November 17, 2023. 28 U.S.C. § 1961; *Rush Indus.*, 2012 WL 6010059, at *15. Post-judgment interest is available as a matter of law and accrues as of the date of entry of judgment. 28 U.S.C. § 1961(a). *See also N. Penn Transfer, Inc. v. Maple Press Co.*, 176 B.R. 372, 376 (M.D. Pa. 1995). Such interest compounds annually. 28 U.S.C. § 1961(b).

Prejudgment interest is appropriate here. The damage occurred on November 17, 2023, and Plaintiff promptly completed its damages assessment on August 26, 2024 (ECF No. 57-4) and filed its complaint on November 14, 2025 (ECF No. 1). I therefore recommend that the district judge award Travelers some amount of prejudgment interest. I do not recommend that the district judge award interest for the 35 days during which Travelers was required to re-serve ReliableTransport because of Travelers' inaccurate service information.[1] (ECF No. 41.) During the week ending July 17, 2026, the Board of Governors reported the 1-year constant maturity Treasury yield at 4.06%, 4.12%, 4.02%, 3.97%, and 3.99%,[2] averaging to 4.03%. I therefore recommend that the district judge award Travelers $17,036.78[3] in prejudgment interest from November 17, 2023, to the date of this Report & Recommendations.

Post-judgment interest is available as a matter of law. 28 U.S.C. § 1961(a). I therefore recommend that the district judge award Travelers post-judgment interest from the date of this Report & Recommendations until satisfaction of the judgment at a rate of 4.03% compounded per annum.

Accordingly, I recommend that the district judge award Travelers $17,036.78 in prejudgment interest and an undetermined amount of post-judgment interest accruing as of the date of final judgment.

---

[1] Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days after the complaint has been filed, which, here, would be February 12, 2026. Travelers served ReliableTransport on March 19, 2026. (ECF No. 49.)

[2] Selected Interest Rates (Daily) – H.15, Bd. of Governors of the Fed. Reserve Sys. (July 17, 2026), https://www.federalreserve.gov/releases/h15/ [https://perma.cc/4FNB-ZT83].

[3] $158,532.25 x (1 + 4.03%)^(943 days / 1 year).

## IV. **Recommendation**

For these reasons, I recommend that the district judge enter default judgment for Travelers Property Casualty Company of America and against Defendant ReliableTransport, LLC in the amount of $175,569.03 plus post-judgment interest accruing from the date of judgment until paid, at the rate set forth above.

## V. **Notice**

The Court will serve this Report and Recommendations on all parties through its electronic filing system. Travelers must also mail a copy to ReliableTransport at its principal place of business and at the address used for service and must certify compliance to the Court within three days of service.

Objections to this Report and Recommendations must be filed within 14 days of service. Failure to file timely objections waives appellate review of the substance of this Report and Recommendations and any judgment or decision based on it. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

Entered this 22nd day of July 2026.

William B. Porter
United States Magistrate Judge

Alexandria, Virginia